1

2

3    Priority    ——
     Send       ——
4    Enter      ——
     Closed     ——
5    JS-5/JS-6  ——
     JS-2/JS-3  ——
6    Scan Only  ——

7

8
                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11   ADOLFO FONG,                    )   Case No. CV 09-1607-RGK (OP)
                                     )
12                    Petitioner,    )   MEMORANDUM AND ORDER
                                     )   DISMISSING PETITION FOR
13        v.                         )   WRIT OF HABEAS CORPUS
                                     )
14   LOS ANGELES COUNTY SHERIFF,     )
     LEROY BACA,                     )
15                                   )
                      Respondent.    )
16   _____)

17                                   I.

18                 **PROCEEDINGS AND BACKGROUND**

19        On March 6, 2009, Adolfo Fong ("Petitioner"), filed the current Petition

20   for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §

21   2254 ("Petition").

22        From what the Court can gather from the Petition, Petitioner has a

23   criminal case pending in the Los Angeles County Superior Court, case number

24   BA346411, in which he is charged with violations of California Penal Code

25   sections 626.9(b) and 12021(a)(1). (Pet. at 1.)  Petitioner is currently being

26   detained at the Los Angeles County Men's Central Jail.  (Id.)  Petitioner alleges

27   a Fourteenth Amendment due process claim and seeks his release from custody.

28   (Id. at 2-3.)

                                      1

## II.

## DISCUSSION

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon,

1 | 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating
2 | that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669
3 | F.2d 155, 158 (3d Cir. 1982).

4 |       Petitioner has failed to allege in the current Petition that the claims raised
5 | have been presented to the California Supreme Court. From what the Court can
6 | gather from the Petition, it appears that Petitioner's current criminal case is still
7 | pending. As a result, he could not have exhausted his state judicial remedies
8 | prior to the filing of the current Petition. Additionally, the Court has
9 | independently reviewed the California Courts' website, http://appellatecases.
10 | courtinfo.ca.gov, and has determined that Petitioner has not sought relief in the
11 | California Supreme Court. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir.
12 | 2002 ) (federal courts may take judicial notice of relevant state court records in
13 | federal habeas proceedings). Based on the foregoing, it appears conclusively
14 | from the face of the Petition that the claims alleged have never been presented to
15 | the California Supreme Court and are, thus, unexhausted.

16 | / / /
17 | / / /
18 | / / /
19 | / / /
20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

# III.

# ORDER

IT IS THEREFORE ORDERED that the current Petition is hereby dismissed without prejudice to refiling after exhaustion of state judicial remedies.[1] The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: MAR 2 4 2009
_____, 2009

HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[1] This dismissal does not relieve Petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.

4